Greg A. Garbacz, Bar No. 167007
ggarbacz@klinedinstlaw.com
KLINEDINST PC
2 Park Plaza, Suite 1250
Irvine, California 92614
(949) 868-2600/FAX (714) 542-3592

Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Attorneys for Defendant, RELENTLESS SIBLINGS, LLC d/b/a TAPS FISH HOUSE & BREWERY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL REDICK, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>RELENTLESS SIBLINGS, LLC d/b/a TAPS FISH HOUSE & BREWERY, a California limited liability company; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. 8:22-cv-00972<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:    Hon. David O. Carter |

COMES NOW Defendant RELENTLESS SIBLINGS, LLC d/b/a TAPS FISH HOUSE & BREWERY and answers Plaintiff's Complaint as follows:

1. With respect to the allegations in Paragraph 1, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments, and, therefore, denies the same.

2. With respect to the allegations in Paragraph 2, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.  To the extent that the

paragraph contains legal conclusions, no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

3. With respect to the allegations in Paragraph 3, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same. To the extent that the paragraph contains legal conclusions, no answer is required.

4. With respect to the allegations in Paragraph 4, Defendant is without knowledge as to the truth of the factual allegations contained in this paragraph and, therefore, denies the same.

5. With respect to the allegations in Paragraph 5, Defendant admits that is an LLC and admits that it operates restaurants. Defendant denies that it does a large amount of business in "the United States as a whole." the paragraph contains only legal conclusions to which no answer is required. Defendant admits that the restaurants are open to the public during its business hours. Defendant admits that the website describes the restaurants offerings. Defendant denies that it controls any page that the website links to, which is operated by a third party. To the extent an answer is further required, Defendant denies the factual allegations contained therein unless specifically admitted to, but does not deny any accurate recitation of the law.

6. With respect to the allegations in Paragraph 6, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

7. With respect to the allegations in Paragraph 7, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

///

8. With respect to the allegations in Paragraph 8, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

## JURISDICTION AND VENUE

9. With respect to the allegations in Paragraph 9, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that subject matter jurisdiction appears proper and denies all other factual allegations that are not specifically admitted.

10. With respect to the allegations in Paragraph 10, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that subject matter jurisdiction appears proper and denies all other factual allegations that are not specifically admitted.

11. With respect to the allegations in Paragraph 11, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that subject matter jurisdiction appears proper and denies all other factual allegations that are not specifically admitted.

12. With respect to the allegations in Paragraph 12, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that venue appears proper and denies all other factual allegations that are not specifically admitted.

## JURISDICTION AND VENUE

13. With respect to the allegations in Paragraph 13, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

14. With respect to the allegations in Paragraph 14, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

/ / /

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

15. With respect to the allegations in Paragraph 15, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

16. With respect to the allegations in Paragraph 16, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

17. With respect to the allegations in Paragraph 17, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein.

18. With respect to the allegations in Paragraph 18, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

19. With respect to the allegations in Paragraph 19, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

20. With respect to the allegations in Paragraph 20, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

21. With respect to the allegations in Paragraph 21, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

22. With respect to the allegations in Paragraph 22, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is

///

KLINEDINST PC  
2 PARK PLAZA, SUITE 1250  
IRVINE, CALIFORNIA 92614

required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

23. With respect to the allegations in Paragraph 23, Defendant denies.

24. With respect to the allegations in Paragraph 24, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments, and, therefore, denies the same.

25. With respect to the allegations in Paragraph 25, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments, and, therefore, denies the same.

26. With respect to the allegations in Paragraph 26, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments, and, therefore, denies the same.

27. With respect to the allegations in Paragraph 27, Defendant is without knowledge as to the truth of the factual allegations contained in this paragraph and, therefore, denies the same.

28. With respect to the allegations in Paragraph 28, Defendant denies the factual allegations and/or is without knowledge as to the truth of the factual allegations contained in this paragraph and, therefore, denies the same.

29. With respect to the allegations in Paragraph 29, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

30. With respect to the allegations in Paragraph 30, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

31. With respect to the allegations in Paragraph 31, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility

impairments and activities, and, therefore, denies the same. To the extent that the paragraph contains legal conclusions, no answer is required.

32. With respect to the allegations in Paragraph 32, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

33. With respect to the allegations in Paragraph 33, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

34. With respect to the allegations in Paragraph 34, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

35. With respect to the allegations in Paragraph 35, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

36. With respect to the allegations in Paragraph 36, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

37. With respect to the allegations in Paragraph 37, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

38. With respect to the allegations in Paragraph 38, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

39. With respect to the allegations in Paragraph 39, the paragraph contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

40. With respect to the allegations in Paragraph 40, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

41. With respect to the allegations in Paragraph 41, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

42. With respect to the allegations in Paragraph 42, Defendant denies.

43. With respect to the allegations in Paragraph 43, Defendant is without knowledge as to the truth of Plaintiffs' allegations.  Defendant is without knowledge as to the meaning of Plaintiff's characterizations of "substantial" and "significant" and "far greater" and on that basis denies the allegations.

44. With respect to the allegations in Paragraph 44, Defendant is without knowledge as to the truth of Plaintiffs' allegations pertaining to their mobility impairments and activities, and, therefore, denies the same.

45. With respect to the allegations in Paragraph 45, which re-alleges and incorporates by reference the allegations set forth in paragraphs 1-44, Defendant incorporates by reference each of its answers made to the corresponding paragraphs.

46. With respect to the allegations in Paragraph 46, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

47. With respect to the allegations in Paragraph 47, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

48. With respect to the allegations in Paragraph 48, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is

///

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

1 required, Defendant denies the factual allegations contained therein, but does not
2 deny any accurate recitation of the law.
3     49.    With respect to the allegations in Paragraph 49, the paragraph contains
4 only legal conclusions to which no answer is required. To the extent an answer is
5 required, Defendant denies the factual allegations contained therein, but does not
6 deny any accurate recitation of the law.
7     50.    With respect to the allegations in Paragraph 50, which re-alleges and
8 incorporates by reference the allegations set forth in paragraphs 1-49, Defendant
9 incorporates by reference each of its answers made to the corresponding paragraphs.
10     51.    With respect to the allegations in Paragraph 51, the paragraph contains
11 only legal conclusions to which no answer is required. To the extent an answer is
12 required, Defendant denies the factual allegations contained therein, but does not
13 deny any accurate recitation of the law.
14     52.    With respect to the allegations in Paragraph 52, the paragraph contains
15 only legal conclusions to which no answer is required. To the extent an answer is
16 required, Defendant denies the factual allegations contained therein, but does not
17 deny any accurate recitation of the law.
18     53.    With respect to the allegations in Paragraph 53, Defendant denies.
19     54.    With respect to the allegations in Paragraph 54, Defendant denies.
20     55.    With respect to the allegations in Paragraph 55, Defendant denies.
21     56.    With respect to the allegations in Paragraph 56, Defendant denies. To
22 the extent an answer is required, Defendant denies the factual allegations contained
23 therein, but does not deny any accurate recitation of the law. (*See e.g. Pickern v.*
24 *Nord Mkt.*, No. 2:17-CV- 1130-JAM-CMK, 2017 WL 6622749, at *4 (E.D. Cal.
25 Dec. 28, 2017) (reducing plaintiff's statutory damages from $16,000 to $8,000 under
26 the Unruh Act because the court could "assume [the plaintiffs] frequent visits were
27 only intended to increase the amount of damages she could receive in such a case"),
28 *Johnson v. Monterey & Rancho Plaza,* No. 18-CV-05718-BLF, 2020 WL 5893319

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

(N.D. Cal. Oct. 5, 2020) (reducing plaintiff's statutory damages from $16,000 to $4,000 under the Unruh Act because the court could "only assume the multiple visits were intended to increase the amount of statutory damages"); *Johnson v. Garlic Farm Truck Center LLC,* 5:20-cv-03871 (N.D. CA June 16, 2021) (reducing statutory damages to $4,000 for same reasons).

57. With respect to the allegations in Paragraph 57, Defendant denies. With respect to the prayer for relief, Defendant denies that Plaintiff is entitled to such relief.

58. With respect to the allegations in Paragraph 58, denies. With respect to the prayer for relief, Defendant denies that Plaintiff is entitled to such relief.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to any of the relief sought in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

Wherefore, having answered the Plaintiffs' Complaint, Defendant alleges the following as separate affirmative defenses to the individuals, representatives and putative class claims without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable procedural law.

Defendant reserves the right to add additional affirmative defenses should it become aware of such during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

1. As a first and separate affirmative defense, Defendant alleges that the Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure section 335.1 or 28 U.S.C. § 1658.

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE
## (Res Judicata/Collateral Estoppel)

2. As a second and separate affirmative defense, Plaintiffs' claims are barred by the doctrine of res judicata/collateral estoppel as Plaintiffs have collectively filed over one hundred of disability access suits throughout the Central and Southern Districts of California, and Northern District of Illinois.

## THIRD AFFIRMATIVE DEFENSE
## (Lack of Standing)

3. As a third and separate affirmative defense, Plaintiffs lack standing to pursue any claim against Defendant under the Americans with Disabilities Act. Plaintiffs are not customers of or visitors of Defendant or its websites, have not accessed any Defendant's content, and has not, and cannot have, experienced -- and has no "actual notice" of -- any discrimination or damages resulting from Defendant's conduct.

## FOURTH AFFIRMATIVE DEFENSE
## (Lack of Constitutional Standing)

4. As a fourth and separate affirmative defense, Defendant alleges that Plaintiffs are not a real party in interest and therefore have no constitutional standing to sue. Plaintiffs are not guests or customers of Defendant, have not attempted to subscribe to any service and therefore have not, and cannot have suffered a concrete and particularized injury-in-Complaint resulting from Defendant's conduct.

## FIFTH AFFIRMATIVE DEFENSE
## (Nondiscriminatory Legitimate Business Reasons)

5. As a fifth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Defendant because Defendant provides content consistent with nondiscriminatory legitimate business reasons. Defendant makes its Internet-based content available to all subscribers on the same basis and does not treat any subscribers differently on the basis of their disability.

## SIXTH AFFIRMATIVE DEFENSE
## (Private Club or Establishment Exemption)

6. As a sixth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Defendant because Defendant is subject to exemption.

## SEVENTH AFFIRMATIVE DEFENSE
## (Fundamental Alteration of Activities)

7. As a seventh and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Defendant because the relief requested requires a fundamental alteration of Defendant's activities. Requiring Defendant to immediately restructure its business would require Defendant to achieve the impossible given current technology, or significantly reduce the amount and quality of available content.

## EIGHTH AFFIRMATIVE DEFENSE
## (Undue Burden or Hardship - Cost)

8. As an eighth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Defendant because the relief requested would impose undue economic burden or hardship on Defendant.

## NINTH AFFIRMATIVE DEFENSE
## (Undue Burden or Hardship - Compliance with Conflicting Laws and Regulations)

9. As a ninth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Defendant because the relief requested would impose undue burden or hardship on Defendant by having to comply with conflicting requirements. 28 C.F.R. § 36.303 expressly provides that a public accommodation is not required to take certain steps if defendants can demonstrate that taking such steps "would result in an undue burden, *i.e., significant*

*difficulty or expense.*" (Emphasis added). Plaintiffs' demand that the Court order Defendant to restructure its business regardless of federal regulations or statutory guidelines imposes on Defendant the undue burden of having to comply with both federal regulations and Plaintiffs' conflicting demands.

## TENTH AFFIRMATIVE DEFENSE
### (Impracticability)

10. As a tenth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Defendant because the relief requested is impracticable.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Alternative Means)

11. As an eleventh and separate affirmative defense, Plaintiffs may not pursue an injunction under the Americans with Disabilities Act requiring a specific design or alteration where Defendant has an alternative design or service, which provides substantially equivalent accessibility. Defendant further alleges that there are accessible alternatives that are available in relation to the complained of conduct.

## TWELFTH AFFIRMATIVE DEFENSE
### (Mootness)

12. As a twelfth and separate affirmative defense, the Complaint and each cause of action alleged in the Complaint are barred by the doctrine of mootness to the extent that the denial of equal access to Defendant's services alleged in the Complaint, if any, have been or will have been remediated before the time that this action is finally adjudicated.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Equivalent Facilitation, Equivalent Service)

13. As a thirteenth and separate affirmative defense, the Complaint and each cause of action alleged in the Complaint are barred to the extent that, with

respect to any particular element of Defendant's services that departs from applicable standards, Defendant has provided "equivalent facilitation" or "equivalent service" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of Defendant's services.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (De Minimis Violation)

14. As a fourteenth and separate affirmative defense, the Complaint and each cause of action alleged in the Complaint are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiffs' or the putative class members' use of Defendant's services or access to its products. Defendant's reservations services already comply with the ADA and the websites has been updated to provide even more information. Additionally, Plaintiffs cannot articulate what alleged barriers were encountered or why they were unable to use any of the accessible services offered by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Denial of Access)

15. As a fifteenth and separate affirmative defense, the Complaint and each cause of action alleged in the Complaint are barred because Defendant did not deny or interfere with Plaintiffs' access, or the access of any member of the purported class, to the goods and/or services provided by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

16. As a sixteenth and separate affirmative defense, to the extent Plaintiffs or members of the alleged class experienced any damages as a proximate result of Defendant's alleged actions or omissions, which Defendant denies, Plaintiffs have failed to mitigate or to reasonably attempt to mitigate their damages. Plaintiffs have failed to utilize the accessibility services provided by Defendant.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Excuse, Exemption, Justification)

17. As a seventeenth and separate affirmative defense, the Complaint and all purported claims for relief alleged in the Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiffs has sued. Defendant has legitimate business justifications for managing its ADA reservations in the manner it does. Moreover, the relief requested would impose undue burden or hardship on Defendant to restructure its business.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Third Party)

18. As an eighteenth and separate affirmative defense, the Complaint and all purported claims for relief alleged in the Complaint are barred in whole or in part because Plaintiffs' and the putative class members' injury or injuries, if any, was/were caused by third parties or booking engines acting outside the scope of agency, employment or control of Defendant. Defendant utilizes a third party online booking engine which manages the hotel inventory and assists guests in booking their selected rooms. Consequently, Defendant has no control over how the booking engine works.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

19. As a nineteenth and separate affirmative defense, the Complaint, and all purported claims for relief alleged in the Complaint are barred by the doctrine of unclean hands by reason of Plaintiffs' and the putative class members' conduct and actions. Defendant is informed and believes on that basis alleges, Plaintiffs had no intention to make a reservation at Defendant's hotels in the first place or a genuine intent to return in the future so as to make this lawsuit viable. Plaintiffs also cannot

/ / /

articulate what alleged barriers they encountered related to their disabilities or offer any evidence of encountered barriers in the booking process.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Good Faith)

20. As a twentieth and separate affirmative defense, at all times relevant to this suit, Defendant's actions were taken in good faith and it had reasonable grounds for believing those actions did not violate of any law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Third Party Responsible)

21. As a twenty-first and separate affirmative defense, Plaintiffs' claims are barred because Defendant does not operate or control the subject property or website, nor does it have the right to provide the injunctive relief sought in the Complaint. Defendant utilizes a third party online booking engine which manages the hotel inventory and assists guests in booking their selected rooms. Consequently, Defendant has no control over how the booking engine works.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

22. As a twenty-second and separate affirmative defense, Plaintiffs did not exercise ordinary care, caution and prudence in connection with the events alleged in the Complaint and Plaintiffs are therefore barred from recovery against Defendant, or alternatively, Plaintiffs should have their recovery, if any, proportionately reduced. Plaintiffs cannot articulate what alleged barriers they encountered related to their disabilities or offer any evidence of encountered barriers in the booking process. Moreover, Plaintiffs failed to utilize the accessible services Defendant made available.

///
///
///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Request for Modification or Auxiliary Aid or Service)

23. As a twenty-third and separate affirmative defense, Plaintiffs' claims are barred because Plaintiffs failed to request a reasonable modification of policies, practices or procedures and/or Plaintiffs failed to request an auxiliary aid or service.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

24. As a twenty-fourth and separate affirmative defense, Plaintiffs' claims are barred because Plaintiffs have failed to name an indispensable party that operates and controls the circumstances that are alleged in the Complaint, without which the injunctive relief cannot be had.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

25. As a twenty-fifth and separate affirmative defense, Federal law preempts some or all of Plaintiffs' claims asserted under State law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Improper Defendant)

26. As a twenty-sixth and separate affirmative defense, Defendant alleges that the improper defendant was named in this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Violation of the First Amendment)

27. As a twenty-seventh and separate affirmative defense, Plaintiff's demand would result in an unconstitutional abridgment on the speech of Defendant.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

28. As a twenty-eighth and separate affirmative defense, Plaintiffs' claims are presently precluded by the doctrine of primary jurisdiction. The U.S. Department of Justice (DOJ) has announced that it will promulgate pertinent and relevant

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

standards under Title III of the ADA. That rulemaking lies at the heart of the task assigned to the agency by Congress, will require agency expertise to unravel intricate, technical facts, and would materially aid the Court. Because the merits of Plaintiffs' claims will be greatly affected by what DOJ promulgates, their claims cannot be heard until DOJ's rulemaking is complete.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

29. As a twenty-ninth and separate affirmative defense, Defendant's website substantially complies with the ADA and state law, and their supporting regulations as currently in force.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Unreasonable and Untailored Requested Accommodations)

30. As a thirtieth and separate affirmative defense, Plaintiffs' demand would deprive Defendant of the flexibility to determine, on an individual basis, which accommodations are required for individual persons.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Violation of the First Amendment)

31. As a thirty-first and separate affirmative defense, Plaintiffs' demand would result in an unconstitutional abridgment on the speech of Defendant.

WHEREFORE, this answering Defendant prays that:

1. Plaintiffs take nothing by way of their Complaint;
2. Judgment be entered in favor of this answering Defendant and against Plaintiffs upon the issues of the Complaint;
3. Defendant be awarded attorneys' fees and costs of suit herein incurred; and

/ / /

/ / /

/ / /

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

4. Such other and further relief as the Court deems just.

**JURY TRIAL DEMANDED**

Defendant hereby demands Trial by Jury to the fullest extent allowed by law.

KLINEDINST PC

DATED: July 11, 2022   By: ____s/ Nadia P. Bermudez____
Greg A. Garbacz
Nadia P. Bermudez
Attorneys for Defendant, RELENTLESS SIBLINGS, LLC d/b/a TAPS FISH HOUSE & BREWERY